**SIGNED THIS: January 28, 2008**

_____
                    **THOMAS L. PERKINS**
            **UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY E. ORR, | ) | No. 07-81177 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

This matter concerns a debtor's prebankruptcy planning involving a voluntary contribution of nonexempt funds to an IRA. At issue is whether the funds are excluded from the bankruptcy estate or, if not, whether they are exempt despite the eve-of-bankruptcy contribution. Also at issue is whether the Chapter 7 Trustee may seek avoidance and recovery of that contribution on a fraudulent transfer theory.

Approximately six weeks before filing his Chapter 7 petition, the Debtor, Gary E. Orr (DEBTOR), made a voluntary contribution of $11,152 to his SEP IRA.[1] He claims the

---

[1] A simplified employee pension (SEP) is an individual retirement account (IRA) to which employer and employee contribute, subject to certain requirements set forth in the Internal Revenue Code. *See* 26 U.S.C. § 408(k). The TRUSTEE does not allege that those requirements were not met or that the contribution exceeded any applicable cap or otherwise violated any applicable statutory provision or regulation.

entire SEP IRA balance of $46,000 exempt under state law and under Section 522(b)(3)(C), a recently enacted provision of the Bankruptcy Code.

The Trustee, Gary T. Rafool (TRUSTEE), objects to the exemption claim, to the extent of the $11,152 contribution, for three reasons. First, he asserts that the exemption claimed under the state law provisions at 735 ILCS 5/12-704 and 735 ILCS 5/12-1006 should be disallowed because the contribution was made in contemplation of bankruptcy.[2] Second, he asserts that the exemption is claimed in violation of 740 ILCS 160/5(a), one of the provisions of the Uniform Fraudulent Transfer Act. Third, he contends that Bankruptcy Code Section 522(b)(3)(C) is inapplicable. The TRUSTEE also moves for turnover of the $11,152.

Turning to the TRUSTEE'S last argument first, the Court agrees with the DEBTOR that Section 522(b)(3)(C) is a federal exemption that preempts state law to the contrary. That provision defines the property that a debtor may exempt from property of the estate to include "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. § 522(b)(3)(C).[3] It is clear that the exemption for such retirement funds is available independent of and in addition to the state law exemptions referred to in subparagraph (A) and the tenancy by the entirety exemption referred to in

---

[2] Section 12-704 does not provide a basis for the exemption claim. First, that provision only pertains to pension or retirement funds or systems, not IRA's. Second, the provision restricts only garnishment of such funds or systems. As such, it is not a general exemption provision. Section 12-1006, which expressly covers IRA's, is the general exemption provision for all retirement plans as it provides an exemption from "judgment, attachment, execution, distress for rent, and seizure for satisfaction of debts." 735 ILCS 5/12-1006(a).

[3] The property listed in paragraph (3) of subsection (b) of Section 522 defines the property available for exemption by debtors who may not use the exemptions provided in Section 522(d) because the state in which they reside, like Illinois, has opted out of those exemptions.

2

subparagraph (B) of Section 522(b)(3). The TRUSTEE'S argument that the provision operates merely to "conform exemptions in retirement funds in all states," is without support.[4]

The next issue to be addressed is whether the funds in the IRA are excluded from property of the estate and, if so, the effect of that exclusion. Section 541(b)(7), added by BAPCPA, excludes from property of the estate any amount "withheld by an employer from the wages of employees" or "received by an employer from employees" for payment as contributions to certain retirement plans including an employee benefit plan that is subject to title I of ERISA. 11 U.S.C. § 541(b)(7). The DEBTOR relies upon *In re Braulick,* 360 B.R. 327 (Bankr.D.Mont. 2006), where the court construed Section 541(b)(7) as excluding from property of an individual debtor's estate any amounts withheld by the debtor's employer or paid by the debtor employee for a qualified deferred compensation plan "prior to the remission of such amounts to the deferred compensation fund." *Id* at 331. There is no allegation that the DEBTOR'S employer, Law Offices of Edward Gary Orr, P.C., was holding any such funds at the time of the bankruptcy filing. *Braulick* does not stand for the proposition that Section 541(b)(7) operates to exclude from property of the estate funds already paid into a retirement plan by an employer prepetition. Although not cited by the DEBTOR, at least one court has held that Section 541(b)(7) does have a broad exclusionary effect with respect to funds paid into such plans to the extent that contributions were legally permissible. *See In re Leahy,* 370 B.R. 620 (Bankr.D.Vt. 2007). This Court need not

---

[4] The Illinois exemption for retirement plans is similar, but not identical, to the new federal exemption. The Illinois exemption applies if a plan "is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986." 735 ILCS 5/12-1006(a)(i). The federal exemption is arguably more strict, applying only if the fund or account is actually exempt from taxation. The TRUSTEE has not alleged that the SEP plan in question was not exempt from taxation under the I.R.C.

decide the extent of the exclusion provided by Section 541(b)(7) since the funds are excluded by a different provision.

The *Braulick* court went on to hold that funds held in the deferred compensation plan were not property of the estate by operation of Section 541(c)(2), which provides that a restriction on the transfer of a beneficial interest of the debtor in a trust is enforceable in bankruptcy to the same extent as outside of bankruptcy. 11 U.S.C. § 541(c)(2). In reaching this conclusion, the court relied upon *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). *Patterson* holds that a debtor's interest in an ERISA - qualified pension plan may be excluded from the property of the bankruptcy estate pursuant to Section 541(c)(2). *Patterson*, 504 U.S. at 765, 112 S.Ct. at 2250. According to the Seventh Circuit Court of Appeals, the term "ERISA - qualified" is best understood to mean "containing the anti-alienation clause required by § 206(d)(1) of ERISA," *Matter of Baker,* 114 F.3d 636, 638 (7th Cir. 1997), providing that each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.[5] 29 U.S.C. § 1056(d)(1).

Thus, if a plan meets the definition of "employee benefit plan" within Subchapter I of ERISA and contains the required anti-alienation provision, Section 541(c)(2) of the Bankruptcy Code ordinarily will exclude the plan's assets from the employee's bankruptcy estate. *Baker,*114 F.3d at 638-39. Perhaps not always, however, as *Baker* leaves open the possibility that if the employee would be entitled, as of the date of his bankruptcy filing, to invade the principal of the plan, his bankruptcy trustee would have an argument for inclusion of the funds in the estate. *Id.* at 638. Because the issue was not raised on appeal,

---

[5]The prohibition against assignment or alienation does not apply to a loan made to a participant or beneficiary that is secured by the participant's accrued non-forfeitable benefit and is exempt from the tax imposed by Section 4975 of Title 26. 29 U.S.C. § 1056(d)(2).

4

the Seventh Circuit refrained from addressing it. *Id.* Likewise, here, the TRUSTEE is not alleging that the SEP IRA is not "ERISA-qualified" or that the DEBTOR had the right to access the funds notwithstanding an express prohibition against assignment or alienation of the benefits provided under the plan. By not making these allegations, the TRUSTEE implicitly concedes the grounds for exclusion of the SEP IRA from property of the estate by operation of Section 541(c)(2) as interpreted by the Supreme Court in *Patterson v. Shumate.*

Exclusion has two effects pertinent here. First, it renders the exemption claim improper. *In re Sewell,* 180 F.3d 707, 710 (5th Cir. 1999) (issue of exemption not applicable to property excluded from the bankruptcy estate); *In re Lalchandani,* 279 B.R. 880, 882 n.3 (1st Cir.BAP 2002) (property must first be property of the estate before it can be exempted). *Accord, Leahy*, 370 B.R. at 624-25. Second, a trustee may obtain turnover of property under Section 542(a) only as to property of the bankruptcy estate. *In re Rosenzweig,* 245 B.R. 836 (Bankr.N.D.Ill. 2000); *In re Greer,* 242 B.R. 389 (Bankr.N.D.Ohio 1999). A bankruptcy court has no jurisdiction over assets that are not part of the estate and has no power to order distribution of such assets. *In re McClellan,* 45 F.3d 432 (7th Cir. 1995); *Matter of Dunn*, 988 F.2d 45 (7th Cir. 1993). The TRUSTEE'S objection to the claimed exemption should be allowed because the SEP IRA is not property of the estate and cannot be exempted. In addition, the TRUSTEE'S motion for turnover must be denied for lack of jurisdiction.

It is an open question, however, as to whether the TRUSTEE has an alternative remedy. Although not asserted in the context of an avoidance action, the TRUSTEE'S

arguments that the $11,152 contribution was made in contemplation of bankruptcy or was otherwise fraudulent raise the question as to whether the contribution is avoidable as a fraudulent transfer, which is a different question than whether the IRA is excluded from the estate or exempt.

A debtor's conversion of nonexempt assets to exempt assets may constitute a "transfer" under the Bankruptcy Code. *In re Davidson,* 164 B.R. 782 (Bankr.S.D.Fla. 1994). Such transfer may be subject to avoidance and recovery on a fraudulent transfer theory. *See In re Yuhas,* 104 F.3d 612 (3rd Cir. 1997) (debtor's interests in pension plans protected from creditors' claims unless vulnerable to challenge as fraudulent or preferential transfers); *In re Key Communications, Inc.,* 24 F.3d 236 (5th Cir. 1994) (no authority that pension plans can serve as safe harbors for fraudulent conveyances); *In re Dunbar*, 313 B.R. 430 (Bankr.C.D.Ill. 2004) (concerning adversary proceeding against debtor and trustee of debtor's 401(k) plan to avoid eve-of-bankruptcy repayment of loan from plan as fraudulent transfer).

The DEBTOR points to no provision added by BAPCPA that evidences a Congressional intent to eliminate or restrict fraudulent transfer avoidance actions. Section 522(b)(3)(C) does not appear to do so. If the TRUSTEE decides to pursue avoidance of the $11,152 contribution, any such defenses may be addressed then.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###